UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
---------------------------------------------------
UNITED STATES OF AMERICA,

   -against-

ANTUWAN BALL, et al.,

---------------------------------------------------

MOTION TO QUASH WRIT OF
HABEAS CORPUS AD
TESTIFICANDUM

Case: 1:07-mc-00201
Assigned To : Kay, Alan
Assign. Date : 5/1/2007
Description: MISC.

Jack Davis, *pro se*, hereby moves this Honorable Court to Quash the Writ of Habeas Corpus issued on February 6, 2007 and says:

**FACTS**

On March 2, 2006, movant was sentenced to a period of incarceration of approximately 310 months as a result of a verdict after criminal trial. (Criminal Action No. 03-348 (RWR)). Movant's case is presently on appeal. United States v. Davis, No. 06-3046 (DC Cir.). Movant has been designated to FCI Loretto to serve his sentence.

On or about February 6, 2007, this Court granted a Writ of Habeas Corpus Ad Testificandum to produce movant to testify at the trial of the above captioned case. Since that time, Movant has been removed from the FCI at Loretto, and has been incarcerated and held at the District of Columbia Jail.

Movant has no information relevant to the trial he has been called to testify at, and even if he did, he would assert his privilege against self-incrimination in response to any questions outside those regarding his pedigree.

Movant has yet to be called as a witness.

**ARGUMENT**

Rule 17 of the Federal Rules of Criminal Procedure (FRCrP) sets forth the procedure for the subpoenaing of witnesses for trial. FRCrP 17(c)(2) provides that a subpoena issued may be quashed if compliance would be unreasonable or oppressive.

In the instant matter, Mr. Davis submits that he has no relevant information, and that even if he did, he would assert his privilege against self incrimination in the face of such questioning. Because the Writ has been issued on behalf of the defendants, it is unlikely that the Government would be willing to extend immunity to such a witness.

Further to this argument, Mr. Davis' case is presently on appeal. If the appeal is granted and a new trial ordered, any testimony given by Mr. Davis, outside an assertion of his privilege against self incrimination could be used against him.

Mr. Davis would also assert that the conditions at the District of Columbia Jail create an undue burden upon him. As a sentenced and designated prisoner, Mr. Davis has the right to serve his time at the designated facility. Different programs are available to sentenced prisoners, which are unavailable at a city jail. The actual physical conditions are awful, with vermin infestations that are completely absent at FCI Loretto. Continued incarceration of Mr. Davis at the DC Jail is unreasonable and oppressive, especially when there is no good faith basis to assume that he will actually be a witness at trial.

> The Sixth Amendment guarantees a defendant the right "to have compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI. "Few rights are more fundamental" than this one, Chambers v. Mississippi, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973), for it is "in plain terms the right to present a defense," Washington v. Texas, 388 U.S. 14, 19, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967). In practice, however, this right is subject to several limitations. See, e.g., United States v. Thornton, 236 U.S. App. D.C. 29, 733 F.2d 121, 125 (D.C. Cir. 1984) (right to compulsory process does not compel witness to waive Fifth Amendment privilege). Most important in the instant context is the requirement that the witnesses' testimony be "material and favorable to [the] defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 73 L. Ed. 2d 1193, 102 S. Ct. 3440 (1982). See also Washington, 388 U.S. at 23 (witnesses must be "relevant and material" to defense). United States v. North, 910 F.2d 843 (DCC 1990).

In the instant matter, it is incumbent upon the defendants to demonstrate that Mr. Davis' testimony would be in their favor. This they cannot do. Because any balancing of interests must include this factor, this Court must quash the instant Writ.

**CONCLUSION**

Because the instant Writ was improvidently granted, it must be quashed.

Respectfully submitted,

Jack Davis, *pro se*
#271021
1901 D Street, SE
Washington, DC 20003
(202) 563-3073

On May 1, 2007, I served the following by mailing the within motion via USPS to:

    Gary E. Proctor, LLC
    6065 Harford Road
    Baltimore, MD 21214

    Jenifer Wicks, Esq.
    The Webster Building
    503 D Street NW
    Suite 250A
    Washington, DC 20001-2728

    AUSA M. Jeffrey Beatrice
    555 Fourth Street, NW, Room 8104
    Washington, DC 20530